IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| LARRY WAYNE BRAST, #1853414 | § | |
| VS. | § | CIVIL ACTION NO. 4:14cv815 *Consolidated with* 4:15cv77 And 4:15cv78 |
| DIRECTOR, TDCJ-CID | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner Larry Wayne Brast, an inmate confined in the Texas prison system, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

## BACKGROUND

Petitioner is challenging his three Grayson County convictions - two counts of aggravated sexual assault of a child and one count of indecency with a child. After pleading guilty to the charges, the trial court sentenced him to twenty years' confinement for each conviction. He did not file a direct appeal or a petition for discretionary review. Petitioner filed a state post-conviction writ of habeas corpus, which was denied on April 2, 2014, without written order based on the findings of the trial court without a hearing.

The present petition for a writ of habeas corpus was originally filed in the Southern District of Texas, Houston Division, but was then appropriately transferred to the Eastern District of Texas,

1

Sherman Division on December 26, 2014. Petitioner specified that he placed the petition in the prison mailing system on November 17, 2014; thus, the petition is deemed filed on November 17, 2014, in accordance with the "mailbox rule." *See Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998). The Director was not ordered to file a Response.

**ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996**

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) was signed into law. The law made several changes to the federal habeas corpus statutes, including the addition of a one year statute of limitations. 28 U.S.C. § 2244(d)(1). The AEDPA provides that the one year limitations period shall run from the latest of four possible situations: the date a judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review; the date an impediment to filing created by the State is removed; the date in which a constitutional right has been initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *Id*. at § 2244(d)(1)(A)-(D). The AEDPA also provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. *Id*. at 2244(d)(2).[1]

In the present case, Petitioner is challenging his convictions from May 9, 2013. The appropriate limitations provision is § 2244(d)(1)(A), which states that the statute of limitations started running when the conviction became final. He did not file a notice of appeal; thus the

---

[1] The Fifth Circuit discussed the approach that should be taken in applying the AEDPA one year statute of limitations in *Flanagan v. Johnson*, 154 F.3d 196 (5th Cir. 1998) and *Fields v. Johnson*, 159 F.3d 914 (5th Cir. 1998).

conviction became final thirty days later, on June 8, 2013. Tex. R. App. P. 26.2 (Vernon 2000). *See also Rodarte v. State*, 840 S.W.2d 781 (Tex. App. – San Antonio 1992), *affirmed*, 860 S.W.2d 108 (Tex. Crim. App. 1993). Thus, the present petition was due no later than June 8, 2014, in the absence of tolling provisions. It was not filed until November 17, 2014 – more than five months beyond the deadline.

The provisions of 28 U.S.C. § 2244(d)(2) provide that the time during which a *properly filed* application for state post-conviction or other collateral review is pending shall not be counted toward any period of limitation. Petitioner filed his state writ habeas petition on February 5, 2014, and it was denied on April 2, 2014. It was pending 56 days; thus, the deadline of June 8, 2014, was extended 56 days – to August 3, 2014. Petitioner did not file his federal petition until 106 days beyond that deadline. Thus, Petitioner's § 2254 petition is time-barred in the absence of any other tolling provisions.

Petitioner responded to this court's order concerning the timeliness of his petition. He alleges that the trial court's delay in sending various documents to the Court of Criminal Appeals (CCA) and to him are the causes for his untimeliness. However, he has not shown that the CCA did not consider his state writ, whether filed within the state's time frames or not. The trial court's delay in forwarding documents to the CCA did not prejudice Petitioner. Furthermore, during the time between the filing of the state writ and the CCA's decision denying it, the limitations "clock" was tolled. Petitioner then states that he had to file a writ of mandamus with the CCA to exhaust his state remedies. That, however, is incorrect. There is no requirement to file a writ of mandamus with the CCA to exhaust state remedies. In sum, Petitioner has made no showing that unconstitutional State action prevented him from seeking administrative or state or federal habeas corpus relief in a timely

3

manner, nor has he asserted a newly recognized constitutional right. He also has not shown that he could not have discovered the factual predicates of his claims through exercise of due diligence until a later time.

The United States Supreme Court recently confirmed that the AEDPA statute of limitation is not a jurisdictional bar, and it is subject to equitable tolling. *Holland v. Florida*, 560 U.S. —, 130 S. Ct. 2549, 2560, 177 L. Ed.2d 130 (2010). "A habeas petitioner is entitled to equitable tolling only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Mathis v. Thaler*, 616 F.3d 461, 474 (5th Cir. 2010) (quoting *Holland*, 130 S. Ct. at 2562). "Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate." *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002). The petitioner bears the burden of proving that he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

The Fifth Circuit has held that the district court has the power to equitably toll the limitations period in "extraordinary circumstances." *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir.1998). In order to qualify for such equitable tolling, the petitioner must present "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir.1998). In making this determination, it should be noted that the Fifth Circuit has expressly held that proceeding *pro se,* illiteracy, deafness, lack of legal training, unfamiliarity with the legal process, and claims of actual innocence are insufficient reasons to equitably toll the statute of limitations. *Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir.2000).

As a general rule, equitable tolling has historically been limited to situations where the petitioner "has actively pursued his judicial remedies by filing a defective proceeding during the

statutory period, or where the [petitioner] has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 457-58, 112 L. Ed.2d 435 (1990). Furthermore, equitable tolling cannot be used to thwart the intent of Congress in enacting the limitations period. *See Davis*, 158 F.3d at 811 (noting that "rare and exceptional circumstances" are required). At the same time, the court is aware that dismissal of a first federal habeas petition is a "particularly serious matter, for that dismissal denies the petitioner the protections of the Great Writ entirely, risking injury to an important interest in human liberty." *Lonchar v. Thomas,* 517 U.S. 314, 324, 116 S. Ct. 1293, 1299, 134 L. Ed.2d 440 (1996).

Petitioner has not shown "rare and exceptional circumstances" for extending the commencement of the statute of limitations. His erroneous belief concerning the need to file a writ of mandamus in order to exhaust state remedies is not a "rare and exceptional" circumstance. *See, e.g., Felder v. Johnson*, 204 F.3d 168, 172-73 (5th Cir.) (Ignorance of law and *pro se* status insufficient to toll limitations); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999) (Unfamiliarity with legal process, illiteracy, and lack of representation do not merit equitable tolling). Consequently, the federal petition, filed more than three months beyond the statutory deadline, is time-barred.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court, nonetheless, address whether he would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua*

*sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04, 146 L. Ed.2d 542 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a [certificate of appealability] should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of Petitioner's § 2254 petition on procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 336-37, 123 S. Ct. 1029, 1039, 154 L. Ed.2d 931 (2003) (citing *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604). Accordingly, it is respectfully recommended that the Court find that Petitioner is not entitled to a certificate of appealability as to the claims raised.

## RECOMMENDATION

It is accordingly recommended that the above-styled petition for writ of habeas corpus be denied and the case be dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)( C). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 5th day of June, 2015.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE